PROVOSTY, J.
C. M. McCain, a planter and country merchant, agreed to consign the cotton he would make and control in his *345 business, in the season 1904-05, to the defendants S. Gumble & Co., cotton factors and commission merchants, in the city of New Orleans, and the latter agreed to make him such advances on the cotton as his shipments would justify. In accordance with this agreement, and in due course of business, McCain consigned to defendants 389 hales of cotton, and defendants advanced him, by the payment of drafts annexed to the hills of lading, $22,433.08. Two hundred bales' of this cotton had been sold and proceeds credited to the open account of McCain for the advances, leaving a balance of $0,094.91 due on the account, when McCain went into bankruptcy, and surrendered as part of his assets the 189 hales remaining in the hands of the defendants, and notified defendants of his having done so, and instructed them not to sell the cotton, but to deliver it to the trustee in bankruptcy. Defendants claimed the right to sell the cotton and apply the proceeds to the payment of the advances made by them, and accordingly did so. The trustee of the bankruptcy brings this suit to compel the payment of these proceeds to him. He contends that Gumble & Oo. agreed to hold the cotton until McOain should give them notice to sell it, and that by this agreement Gumble & Oo. waived the right which they otherwise would have had, under act No. 66, p. 114, of Laws 1874 and Act No. 44, p. 56, of Laws 18S2, to sell the cotton and attribute the proceeds to the payment of their advances. Defendants contend that the cotton was to he held, not until McCain should give them notice to sell it, but until they should give McCain notice that they were going to sell it. The issue of fact here raised is not necessary to be decided, as, in either case, the agreement, under all the circumstances of the matter, was nothing more than the usual and customary one between commission merchant and shipper of cotton to hold the cotton to await a better market in the course of the season, and there is no complaint of the cotton having been sold at an unpropitious time. To construe the agreement into' one by which Gumble & Co. waived the substantial rights by which their advances were-secured would be to give it a scope far beyond the occasion or necessity that brought it about, and certainly outside of the contemplation of the parties.
Judgment affirmed.